# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MONTE A. MURRAY and JANE E. MURRAY, ) ) ) | |
| Plaintiffs, ) ) ) | |
| vs. ) | Case No. 05-00970-CV-W-GAF |
| ) ) | |
| BATES SHOW SALES STAFF, INC, ) et al., ) ) | |
| Defendants ) | |

## ORDER

Presently before the Court is a Motion to Dismiss for lack of personal jurisdiction, filed pursuant to Fed. R. Civ. P. 12(b)(2) by Defendant, Dynamax Corporation ("Dynamax"). (Doc. #13). Dynamax argues that it is not subject to jurisdiction in the state of Missouri because it has not committed any of the acts enumerated in Missouri's long-arm statute, Mo. Rev. Stat. § 506.500 ("the long-arm statute") and because the exercise of personal jurisdiction over it does not comport with due process. (Doc. #14-1). Plaintiffs, Monte A. and Jane E. Murray (collectively "the Murrays") oppose Dynamax's Motion, arguing that exercising personal jurisdiction over Dynamax is proper because Dynamax transacted business and committed a tortious act in Missouri and also because Dynamax has substantial and continuous contacts with Missouri such that the exercise of general personal jurisdiction does not violate due process. (Doc. #22). For the reasons set forth below, Dynamax's Motion is GRANTED.

## DISCUSSION

**I.     Facts**

The Murrays initiated this lawsuit against Dynamax and Co-Defendant, Bates Show Sales Staff, Inc. ("Bates"), alleging that Dynamax and Bates fraudulently represented to the Murrays that a model year 2004 Recreational Vehicle ("R.V.") was a model year 2005 vehicle. (Doc. #1, Attach. #1). Dynamax sold the R.V., known as a "DynaSport Signature" to Bates, and Bates in turn sold the R.V. to the Murrays. (Doc. #14-1). The Murrays allege that Dynamax falsely represented that the R.V. was a 2005 model when it issued its Certificate of Origin to Bates on July 1, 2004, and that Bates falsely represented that the R.V. was a 2005 model when Bates sold it to the Murrays. (Doc. #1, Attach. #1). The Murrays purchased the R.V. at Bates' dealership in Florida. Id. The Murrays are residents of Missouri, and the R.V. the Murrays purchased from Bates is now located in Missouri. (Doc. #1, Attach. #1; Doc. #22).

Bates is a Florida corporation and is engaged in the business of selling R.V.s to consumers. (Doc. #1, Attach. #1). Dynamax is an Indiana corporation with its sole place of business in Elkhart, Indiana, and is engaged in the business of manufacturing R.V.s. (Doc. #14-1). Dynamax is not registered to do business in the state of Missouri and it does not maintain a registered agent or officer for service of process in Missouri, nor does it have any agents, employees, or representatives in Missouri. Id. Dynamax maintains no offices, places of business, post office boxes, or telephone listings in Missouri, and it has never maintained bank accounts or any other financial holdings in Missouri. Id.

Dynamax sells its R.V.s directly to retail dealerships, which in turn generally sell the R.V.s to the public at large. Id. Since Dynamax's inception in 1997, it has sold over 1730 R.V.s nationwide, of

2

which only 32 sales involved Missouri purchasers. Id. Specifically, sales were made to two Missouri dealers: Van City RV ("Van City") in St. Louis and Reliable RV ("Reliable") in Springfield. Id. Of these 32 transactions, only four have occurred since 2003: 2003 (one), 2004 (three), and 2005 (none). Id. In each transaction, Van City or Reliable paid for transportation and delivery of the R.V. from Dynamax in Elkhart, Indiana to the state of Missouri. Id. Of the 32 R.V.s sold to Reliable and Van City, none were from the Dynamax DynaSport line of R.V.s that is at issue in this lawsuit. Id. Currently, no R.V. dealer in the state of Missouri has any inventory that was purchased from Dynamax, nor are there any orders pending from R.V. dealers located in Missouri. Id.

In the instant Motion, Dynamax argues that it is not subject to jurisdiction in Missouri because it has not committed any of the acts enumerated in the Missouri long-arm statute and because it does not have sufficient contacts with Missouri required for an assertion of jurisdiction. (Doc. #14-1). The Murrays argue that personal jurisdiction over Dynamax is proper under the Missouri long-arm statute because Dynamax transacted business and committed a tortious act within the state of Missouri. The Murrays further argue that an assertion of general jurisdiction is consistent with due process under the United States Constitution because Dynamax purposefully and continuously sold R.V.s within the state of Missouri since 1997. (Doc. #22).

**II.     Standard**

As the party seeking to invoke jurisdiction, the Murrays bear the burden of presenting facts which establish that jurisdiction exists. *See* Mountaire Feeds, Inc. v. Argo Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). Although "the facts adduced in a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there

3

must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist." Id. at 653.

When considering a motion to dismiss for lack of personal jurisdiction, a federal court presiding over a claim brought pursuant to the court's diversity jurisdiction engages in a two-step inquiry. Scullin Steel Co. v. Nat'l Ry. Utilization Corp., 676 F.2d 309, 312 (8th Cir. 1982). First, the district court must determine "whether the defendant committed one of the acts enumerated in [Missouri's] long-arm statute." Id. Then, the court must consider "whether the exercise of personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment." Id. The Court will apply Missouri law when determining whether Defendant committed one of the acts enumerated in the long-arm statute. Id. at 311.

### III. Analysis

*A. The Missouri Long-Arm Statute*

The Missouri long-arm statute provides, in relevant part:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation...to jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:...(1) The transaction of any business within this state; (3) The commission of a tortious act within this state;...

The Murrays contend that Dynamax's actions regarding the sale of the "DynaSport Signature" R.V. fall within the "transaction of business" and the "commission of a tortious act" provisions of the Missouri long-arm statute. (Doc. #22).

4

The "transaction of business" provision of Missouri's long-arm statute is construed broadly so that even a single transaction may confer jurisdiction, but only if that transaction is the one that gives rise to the suit. Schilling v. Human Support Serv., 978 S.W.2d 368, 371 (Mo. Ct. App. 1998). To constitute the "transaction of any business" under the long-arm statute, some activity related to the transaction in question must be undertaken by the non-resident defendant in Missouri. Scullin Steel, 676 F.2d at 312.

In the instant case, no activity by Dynamax in Missouri constitutes "transacting business" in Missouri. Dynamax's sales to Missouri dealers between 1997 and 2004 did not give rise in any way to this lawsuit. Indeed, Dynamax's 32 previous sales of R.V.s to Van City and Reliable are completely unrelated to the Murrays' purchase of the DynaSport Signature R.V., which took place at Bates' dealership in Florida. Further, Dynamax is not registered to do business in the state of Missouri and it does not maintain a registered agent or officer for service of process in Missouri, nor does it have any agents, employees, or representatives in Missouri. Dynamax maintains no offices, places of business, post office boxes, or telephone listings in Missouri, and it has never maintained bank accounts or any other financial holdings in Missouri. Dynamax has not engaged in any activity in Missouri related to the transaction in question. Accordingly, the "transaction of business" provision of the long-arm statute does not apply to this case.

Dynamax also cannot be said to have committed a tortious act within the state of Missouri. The Murrays allege that Dynamax falsely represented that the DynaSport Signature R.V. was a 2005 model when it issued its Certificate of Origin to Bates on July 1, 2004, and that Dynamax's misrepresentation produced consequences in the state of Missouri. (Doc. #22). "The commission of an extraterritorial

5

tortious act which produces actionable consequences in this state may support personal jurisdiction in Missouri." Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A., 8 S.W.3d 893, 903 (Mo. App. W.D. 2000) *citing* State ex rel. William Ranni Associates, Inc. v. Hartenbach, 742 S.W.2d 134, 139 (Mo. banc 1987). However, for an extraterritorial tortious act to subject a defendant to personal jurisdiction, the defendant "must have set in motion some course of action which was deliberately designed to move into Missouri and injure the plaintiff." Id. *citing* Nelson v. R. Greenspan & Co., Inc., 613 F.Supp. 342, 345 (D.C. Mo. 1985).

In this case, Dynamax's alleged misrepresentations in Florida cannot be said to have been "deliberately designed" to "to move into Missouri and injure the plaintiff." The only reason the R.V. in question is currently located in Missouri is because the Murrays decided to drive it from Florida to Missouri. The Murrays' unilateral conduct is insufficient to subject Dynamax to jurisdiction in this Court. Because Dynamax's alleged extraterritorial misrepresentations were not deliberately designed to move into Missouri and injure the Murrays, the "tortious act" provision of the Missouri long-arm statute does not apply in this case.

*B. General Jurisdiction*

Alternatively, the Murrays argue that, even if the Missouri long-arm statute is not satisfied, general jurisdiction exists over Dynamax. General jurisdiction arises where, regardless of where the cause of action arose, a non-resident corporation is present and conducts substantial business in the forum state. Lakin v. Prudential Securities, Inc., 348 F.3d 704, 707 (8th Cir. 2003); Sloan-Roberts v. Morse Chevrolet, Inc., 44 S.W.3d 402, 409 (W.D. Mo. 2001). Missouri courts have interpreted the phrase "present and conducts substantial business" to mean that "jurisdiction will be established if a non-

6

Case 4:05-cv-00970-GAF   Document 28   Filed 03/03/06   Page 6 of 8

resident corporation has substantial and continuous contacts with the state of Missouri." Lakin, 348 F.3d at 707. Long-arm statutes are "irrelevant to general jurisdiction," because "[b]y definition, general jurisdiction only exists where a defendant's contacts with the forum state are so pervasive and continuing that the defendant is effectively deemed to be a resident for purposes of general jurisdiction." In re Texas Prisoner Litig., 41 F.Supp.2d 960, 962 (W.D. Mo. 1999). As such, courts are reluctant to exercise general jurisdiction over non-resident defendants. Lakin, 348 F.3d at 708; Sloan-Roberts, 44 S.W.3d at 410.

Dynamax does not have continuous and substantial contacts with the state of Missouri. Dynamax is incorporated under the laws of Indiana and maintains its sole place of business in Indiana. Dynamax is not registered to conduct business in Missouri and does not maintain a registered agent or officer for service of process in Missouri. Dynamax maintains no offices, places of business, post office boxes, or telephone listings in Missouri, nor has Dynamax ever maintained any bank accounts or financial holdings in Missouri. It has never paid taxes in Missouri and does not have any agents or employees in Missouri. Furthermore, of the approximately 1730 R.V.s it has sold nationwide, less than 2% of its total sales have been to Missouri dealers. Since 2003, Dynamax has sold only four R.V.s to Missouri dealers. In the last year, Dynamax has had no contact with Missouri. Dynamax's limited contacts with the state of Missouri can hardly be characterized as substantial or continuous. Accordingly, Dynamax is not subject to general jurisdiction in Missouri.

## CONCLUSION

Dynamax's limited and unrelated contacts with the state of Missouri do not meet the requirements of Missouri's long-arm statute and do not provide the necessary foundation for an

7

assertion of general personal jurisdiction by this Court. Accordingly, this Court lacks personal jurisdiction over Dynamax and its Motion to Dismiss under Rule 12(b)(2) is GRANTED.

**IT IS SO ORDERED.**

                                                /s/ Gary A. Fenner
                                                GARY A. FENNER, JUDGE
                                                 United States District Court

DATED: March 3, 2006