# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **MONTE A. MURRAY and JANE E. MURRAY,** | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | Case No. 05-00970-CV-W-GAF |
| **BATES SHOW SALES STAFF, INC, et al.,** | ) ) ) ) | |
| Defendants | ) | |

## ORDER

Presently before the Court is a Motion to Dismiss for lack of personal jurisdiction, filed pursuant to Fed. R. Civ. P. 12(b)(2) by Defendant, Bates Show Sales Staff, Inc. ("Bates"). (Doc. #27). Bates argues that it is not subject to jurisdiction in the state of Missouri because it has not committed any of the acts enumerated in Missouri's long-arm statute, Mo. Rev. Stat. § 506.500 ("the long-arm statute") and because the exercise of personal jurisdiction over it does not comport with due process. Id. Plaintiffs, Monte A. and Jane E. Murray (collectively "the Murrays"), oppose Bates' Motion, arguing that exercising personal jurisdiction over Bates is proper because the parties entered into a contract in Missouri and because Bates made false representations to the Murrays in Missouri. (Doc. #29). The Murrays do not address Bates' due process argument. For the reasons set forth below, Bates' Motion is GRANTED.

## DISCUSSION

**I.     Facts**

The Murrays initiated this lawsuit against Bates and Co-Defendant, Dynamax Corporation ("Dynamax"), alleging that Dynamax and Bates fraudulently represented to the Murrays that a model year 2004 Recreational Vehicle ("R.V.") was a model year 2005 vehicle. (Doc. #1, Attach. #1). Dynamax sold the R.V., known as a "DynaSport Signature" to Bates, and Bates in turn sold the R.V. to the Murrays. Id. The Murrays allege that Dynamax falsely represented that the R.V. was a 2005 model when it issued its Certificate of Origin to Bates on July 1, 2004, and that Bates falsely represented that the R.V. was a 2005 model when Bates sold it to the Murrays. Id.

Bates is a Florida corporation and is engaged in the business of selling R.V.s to consumers. Id. Florida is the only state in which it has dealerships. (Doc. #27). Bates is not registered to do business in the state of Missouri and it does not maintain a registered agent or officer for service of process in Missouri. Id. Bates does not have an office, telephone listing, or business listing in Missouri. Id. Bates does not specifically advertise in Missouri, and does not have any bank accounts or other financial holdings in Missouri. Id. The Murrays, who are residents of Missouri, picked up the R.V. in question at Bates' dealership in Florida. Id.

The instant case arose when the Murrays telephoned Bates to inquire about the purchase of an R.V. Id. The Murrays spoke to Charles Kellogg ("Kellogg"), a salesperson for Bates. Id. During the one phone conversation that the Murrays had with Kellogg, the Murrays decided to purchase the R.V., sight unseen, and made a deposit with their credit card. Id. The Murrays claim that, during this phone

conversation, Kellogg made false representations about the model year of the R.V. and about the remaining warranty on the R.V. (Doc. #29).

Sometime later, the Murrays arrived in Florida to pick up the R.V. (Doc. #27). Howard Chenowith ("Chenowith"), a salesperson for Bates, assisted the Murrays. Id. The Murrays spent half to two thirds of the day at Bates' dealership, participating in a walk-through and a test drive of the vehicle. Id. The Murrays claim that, prior to their arrival in Florida, Bates forwarded a Purchase Contract for the R.V. in question to the Murrays in Missouri, which a representative of Bates had already signed. (Doc. #29). The Murrays argue that the Purchase Contract became binding when the Murrays signed it Missouri on January 25, 2005. Id. Bates claims that, following the Murrays' walk-through and test drive of the R.V. at Bates' dealership in Florida, the parties executed a new Purchase Contract, along with accompanying paperwork necessary to complete the sale of the R.V. (Doc. #27). Bates claims that the parties' contract became binding when the new Purchase Contract and accompanying paperwork was signed at Bates' dealership in Florida on February 1, 2005. Id.

In the instant Motion, Bates argues that it is not subject to jurisdiction in Missouri because it has not committed any of the acts enumerated in the Missouri long-arm statute and because it does not have sufficient contacts with Missouri required for an assertion of jurisdiction. Id. The Murrays argue that personal jurisdiction over Bates is proper under Missouri's long-arm statute because the parties allegedly entered into a contract in the state of Missouri and because Bates allegedly made false representations to the Murrays in Missouri. (Doc. #29). The Murrays fail to address Bates' argument that it does not have sufficient contacts with Missouri required for an assertion of jurisdiction.

**II.     Standard**

As the party seeking to invoke jurisdiction, the Murrays bear the burden of presenting facts which establish that jurisdiction exists. *See* Mountaire Feeds, Inc. v. Argo Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). Although "the facts adduced in a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist." Id. at 653.

When considering a motion to dismiss for lack of personal jurisdiction, a federal court presiding over a claim brought pursuant to the court's diversity jurisdiction engages in a two-step inquiry. Scullin Steel Co. v. Nat'l Ry. Utilization Corp., 676 F.2d 309, 312 (8th Cir. 1982). First, the district court determines "whether the defendant committed one of the acts enumerated in [Missouri's] long-arm statute." Id. Then, the court considers "whether the exercise of personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment." Id. **III. Analysis**

The Court recognizes that the parties dispute whether Bates' conduct falls within the purview of the long-arm statute. However, for purposes of the instant Motion, the Court need not address whether Bates committed one of the acts enumerated in the long-arm statute because exercising jurisdiction over Bates violates due process. The Murrays have failed to address the due process analysis in their opposition to Bates' Motion.

The United States Constitution prohibits the prosecution of any action in a forum with which the defendant has not established meaningful contacts, ties, or relations. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) *citing* International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due process requires that a defendant have sufficient "minimum contacts" with the forum state such that the

4

maintenance of the suit would not offend "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316; Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). The contacts with the forum state are sufficient if the non-resident defendant "should reasonably anticipate being haled into court there," and if the non-resident defendant has performed "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King, 471 U.S. at 472.

In the instant case, Bates has only two known contacts with the state of Missouri–the Murrays initiated a telephone call from Missouri to Bates' dealership in Florida, and Bates later forwarded a Purchase Contract to the Murrays in Missouri. Bates is not registered to do business in the state of Missouri and it does not maintain a registered agent or officer for service of process in Missouri. Bates does not have an office, telephone listing, or business listing in Missouri. Bates does not specifically advertise in Missouri, and does not have any bank accounts or other financial holdings in Missouri. None of Bates' employees went to Missouri in connection with the sale of the R.V. in question. Florida is the only state in which Bates has dealerships, and the Murrays picked up the R.V. in question at Bates' dealership in Florida.

The Murrays bear the burden of establishing that Bates has sufficient minimum contacts with Missouri to justify this Court's assertion of jurisdiction over Bates. The Murrays have presented no facts nor cited any authority which suggests that one phone call to Bates, initiated by the Murrays, followed by Bates' forwarding of a Purchase Contract, constitutes sufficient minimum contacts to comport with due process. Because the Murrays have not made a prima facie showing of jurisdiction, dismissal under Rule 12(b)(2) is appropriate.

5

6

## CONCLUSION

The Murrays have failed to meet their burden of demonstrating that Bates' limited contacts with the state of Missouri provide the necessary foundation for an assertion of personal jurisdiction by this Court. Accordingly, this Court lacks personal jurisdiction over Bates and its Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner<br>
GARY A. FENNER, JUDGE<br>
United States District Court

DATED: **May 10, 2006**